IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JONATHAN M. WHITE,                  §
                                    §
              Plaintiff,            §
                                    §
VS.                                 §          Civil Action No. 3:22-CV-1386-D
                                    §
UT SOUTHWESTERN MEDICAL             §
CENTER,                             §
                                    §
              Defendant.            §

MEMORANDUM OPINION
AND ORDER

        Plaintiff Jonathan M. White ("White") brings this *pro se* action against defendant The

University of Texas Southwestern Medical Center ("UT Southwestern"), alleging claims

under Titles I, II, III, IV, and V of the Americans with Disabilities Act of 1990 ("ADA"), as

amended, 42 U.S.C. § 12101 *et seq.*; the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution; and Section 504 of the Rehabilitation Act of

1973, 29 U.S.C. § 794.[1]  UT Southwestern moves to dismiss under Fed. R. Civ. P. 12(b)(1)

and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim on which relief

can be granted.  For the reasons that follow, the court grants UT Southwestern's motion but

also grants White leave to replead.

---

        [1]Although there is a pleading on file that has been docketed as an amended
counterclaim, this pleading was filed by White, not UT Southwestern, and it consists of a
letter to the court requesting permission to supplement a filing that White made on September
12, 2022 in response to UT Southwestern's motion to dismiss. *See infra* note 4.

I

White was formerly employed by UT Southwestern for approximately six months in 2017 as an administrative assistant.[2]  During his tenure, he was diagnosed with bipolar disorder.  White was approved for emergency leave for the period of October 26, 2017 through November 30, 2017.  While White was on leave, UT Southwestern contacted him to determine his return-to-work date, which had not been included on his accommodation request form.  White did not respond to these inquiries and was subsequently terminated by UT Southwestern on November 10, 2017, while he was seeking treatment for his disability, because of his inability and unavailability to work.

White filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 20, 2018, and was issued a Notice of Right to Sue on March 29, 2022.  White then filed the current lawsuit alleging disability discrimination, in violation of Titles I, II, III, IV, and V of the ADA, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Section 504 of the Rehabilitation Act.

UT Southwestern contends that White's claims under Titles I and V of the ADA are barred by sovereign immunity and, consequently, that the court lacks subject matter

_____

[2]In deciding UT Southwestern's motion to dismiss, the court construes White's complaint in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor*. See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  And because White is *pro se*, the court liberally construes the allegations of the complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

jurisdiction to adjudicate these claims. UT Southwestern maintains that White's claims under Titles II, III and IV of the ADA, the Equal Protection Clause of the Fourteenth Amendment, and the Rehabilitation Act must be dismissed under Rule 12(b)(6) for failure to state a claim. White opposes the motion,[3] which the court is deciding on the briefs that are properly on file.[4]

## II

The court begins by setting out the standards that apply when deciding UT Southwestern's motion to dismiss.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013)

---

[3]UT Southwestern filed its motion to dismiss on August 10, 2022. White's response was due on September 5, 2022. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."); White did not file his response until September 12, 2022. Although White's response is late, the court will consider it because the timing has not interfered with the decisional process of the court. The court will not consider, however, White's second response to UT Southwestern's response filed on December 16, 2022. That response comes several months after the response deadline prescribed local rule.

[4]On September 16, 2022 White filed a motion to file a supplemental counterclaim, which is more properly deemed to be a motion for leave to supplement his response to UT Southwestern's motion to dismiss. The court denies the motion to supplement because the proposed supplemental response would be futile.

(Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of the plaintiff's complaint "by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (alterations adopted) (quoting *in re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).[5] To survive UT Southwestern's Rule 12(b)(6)

_____

[5]On November 18, 2022, after briefing on the motion to dismiss had concluded, White submitted for filing a thumb drive that contains an audio recording that White alleges supports his discrimination claim against UT Southwestern. The court declines to consider this evidence given the scope of what a court can properly consider when deciding a facial

motion, White's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alterations adopted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U. S. at 555).

---

Rule 12(b)(1) motion and a Rule 12(b)(6) motion.

-5-

III

A

The court turns first to White's Title I claim.  The Supreme Court of the United States has held that, although the ADA states that sovereign immunity is abrogated for Title I claims, 42 U.S.C. § 12202, Congress did not validly abrogate the States' immunity.  *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that because Congress failed to identify a pattern of discrimination by the States that violated the Fourteenth Amendment, it did not validly abrogate the States' immunity).  Therefore, because UT Southwestern is an arm or instrumentality of the State of Texas, *Daniel v. University of Texas Southwestern Medica Center*, 960 F.3d 253, 260 (5th Cir. 2020), it is entitled to sovereign immunity from claims brought under Title I of the ADA, and, in turn, this court lacks subject matter jurisdiction over White's Title I claim.[6]

B

The court turns next to White's ADA Title II claim and concludes that it fails as well.

Title II provides that "no qualified individual with a disability shall, by reason of such

---

[6]White maintains that UT Southwestern's sovereign immunity defense is barred by promissory and equitable estoppel.  But White has failed to adequately plead that UT Southwestern ever misrepresented to him that it was not entitled to sovereign immunity for ADA claims or that it promised not to assert the defense.  He has therefore failed to plead allegations that are sufficient to allege jurisdiction based on estoppel from asserting sovereign immunity.  *See, e.g.*, *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 864 (5th Cir. 1999) (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 360 (5th Cir. 1996)); *Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 878 (5th Cir. 2005) (citation omitted).

disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Title II does not create a cause of action for employment discrimination." *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015) (citations omitted). Because White's claim is based entirely on allegations of employment discrimination, he has failed to state a claim under Title II of the ADA.

C

White's Titles III and IV claims must also be dismissed because they are clearly inapposite to the factual allegations on which his lawsuit is based.

Title III provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title IV governs telecommunication services for hearing-impaired and speech-impaired individuals. 47 U.S.C. §§ 225, 611. UT Southwestern is not alleged to be a telecommunication service or a place of public accommodation. *See* 42 U.S.C. §§ 12131(1), 12181(7). And White does not allege that he is impaired in his hearing or speech. Therefore, White has failed to state claims on which relief can be granted under ADA Title III or IV.

D

White's ADA Title V claim is barred by sovereign immunity. "Title V itself does not abrogate a state's sovereign immunity. Instead, a plaintiff may bring a retaliation claim

-7-

against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular state." *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 619 (5th Cir. 2020) (quoting *Dottin v. Tex. Dep't of Crim. Just.*, 627 Fed. Appx. 397, 398 (5th Cir. 2015) (per curiam)).  Because, as explained above, White's ADA Title I discrimination claim is barred by sovereign immunity, any retaliation claim brought under Title V is similarly barred.

IV

White's Rehabilitation Act claim must also be dismissed for failure to state a claim on which relief can be granted.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).  The statute of limitations for a Rehabilitation Act claim is determined by reference to state law. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982-83 (5th Cir. 1992).  In Texas, therefore, the statute of limitations is two years. *See id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 2005)).  The statute of limitations commenced from the moment White knew he had suffered an injury.  Based on the allegations of the complaint, that would have been from the moment he learned that UT Southwestern had terminated his employment. *See Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).  Although White maintains that the statute of limitations did not begin to run on a potential Rehabilitation Act claim until he

had received his right to sue letter from the EEOC, White was not required to exhaust his Rehabilitation Act claim because he was not a federal employee. *See Dugger v. Stephen F. Austin State Univ.*, 232 F.Supp.3d 938, 953 (E.D. Tex. 2017) (collecting cases). Therefore, the statute of limitations was not tolled during the EEOC investigation. Here, the complaint alleges that White was terminated on November 10, 2017, and therefore the statute of limitations on White's Rehabilitation Act claim expired on November 10, 2019.[7] White did not file his complaint, however, until June 27, 2022, well after the two-year limitations period had elapsed. Therefore, because the statute of limitations had expired by the time White filed his complaint, his Rehabilitation Act claim must be dismissed as time-barred.

V

Finally, the court turns to White's claim for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. This claim must also be dismissed for failure to state a claim.

When disability discrimination is alleged, the challenged state action is subject to rational basis review. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985). Here, UT Southwestern states that it terminated White because he was unable to provide UT

---

[7]To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings.'" *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)). In other words, UT Southwestern is not entitled to dismissal under Rule 12(b)(6) based on the statute of limitations unless White has "pleaded himself out of court by admitting to all of the elements of the defense." *Id.* (alteration adopted) (quoting *Sivertson*, 2011 WL 4100958, at *3). Here, White has pleaded himself out of court as to his Rehabilitation Act claim.

Southwestern a date by which he would be able to return to work, and UT Southwestern was not required to accommodate what was essentially a request for indefinite leave. *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 760 (5th Cir. 1996) (quoting *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995)) (holding that an employer is not required by the ADA to grant an employee indefinite leave). White does not dispute that he failed to provide UT Southwestern a date certain upon which he would be able to return to work. Therefore, he has failed to plausibly plead that UT Southwestern's decision to terminate his employment was not rationally related to the legitimate state interest of ensuring proper staffing of state facilities.

VI

White has not plausibly pleaded a state-law claim. But even if he had, the court would decline in its discretion to exercise supplement jurisdiction over his state-law claims now that his federal-law claims have all been dismissed. The court may decline to exercise such jurisdiction where the claims that permitted original jurisdiction have dropped out of the case. *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction); *Cedillo v. Valcar Enters. & Darling Del. Co.*, 773 F. Supp. 932, 939-42 (N.D. Tex. 1991) (Fitzwater, J.) (discussing supplemental jurisdiction).

VII

On November 8, 2022 White submitted a letter to the court docketed as a motion for leave to stay and amend complaint, in which he seeks a stay so that he can amend his

complaint and add information contained in his letter.  Because the court is permitting White to file an amended complaint,[8] it denies White's motion without prejudice.

Although the court can deny leave to amend when an amendment would be futile, *see Stripling v. Jordan Production Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000), no amendment of White's complaint could overcome UT Southwestern's defense of sovereign immunity as to the Title I and V claims, and it is questionable whether White can remedy the deficiencies in his claims under Titles II, III, and IV of the ADA, the Equal Protection Clause, and the Rehabilitation Act, the court will grant White leave to amend.

First,

> in view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration adopted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.)).

Second, because White is proceeding *pro se*, the court should grant him leave to replead.  *See, e.g., Scott v. Byrnes*, 2008 WL 398314, at *1 ( N.D. Tex. Feb.13, 2008)

---

[8]On December 9, 2022 White filed an amended complaint without leave of court. Because it was necessary for White to obtain leave, the court strikes the amended complaint. White must file a first amended complaint that is separate from the one he filed on December 9, 2022.

(Fitzwater, C.J.) (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.)).  White must file his first amended complaint within 28 days of the date this memorandum opinion and order is filed.

VIII

The court reminds White of his obligation going forward to comply with the local civil rules of this court and the Federal Rules of Civil Procedure.  These rules apply to White despite his *pro se* status.  *See* N.D. Tex. Civ. R. 83.14 ("Pro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure.").  This means that although his pleadings are construed more liberally than are those of a licensed attorney, *see supra* note 2, he must otherwise comply with the local and national civil rules.  His failures thus far consist of untimely filings, pleadings that the rules do not recognize, mislabeled docket entries, and filings that are not in proper form.  Adhering to the local and national rules should enable him to avoid most or all of these errors.

*      *      *

For the reasons stated, the court grants UT Southwestern's motion to dismiss but also grants White leave to replead.  The court denies without prejudice White's November 8, 2022 motion for leave to stay and amend complaint, and it strikes White's amended complaint, docketed on December 9, 2022 as ECF No. 26.  White must file his first amended

complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

December 28, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE